# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHITUNDA TILLMAN, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05 C 0910 |
| NEW LINE CINEMA, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Chitunda Tillman, Sr. has moved for leave to file a second amended complaint against New Line Cinema Corporation ("New Line"), Time Warner Inc., various officers of New Line or related corporations, James Kearns, the Writer's Guild of America Inc. ("WGA"), and the WGA's president and executive director. For the reasons stated below, the Court denies Mr. Tillman's motion.

### Facts

On February 14, 2005, Mr. Tillman, proceeding *pro se*, filed a two count copyright infringement complaint against eight defendants. The case was assigned to Judge John Nordberg. In his original complaint, Mr. Tillman alleged that he wrote a screenplay entitled, "Kharisma Heart of Gold" detailing his personal experience with his sick child who needed serious heart surgery to avoid death. Mr. Tillman registered his screenplay with the United States Copyright Office in July 1998. Around the same time, Mr. Tillman says, he submitted a copy of the screenplay to the WGA.

In 2002, New Line released a motion picture entitled *John Q*. The film was based on a screenplay by James Kearns. Mr. Tillman claimed in his complaint that *John Q* is substantially similar to "Kharisma Heart of Gold." He alleged that Kearns was affiliated with the WGA and had access to his screenplay and that Kearns stole the screenplay and sold it to New Line.

Mr. Tillman subsequently retained counsel and, on April 25, 2005, filed a sixty-three page first amended complaint including nine claims against twenty-three defendants. In his first amended complaint, Mr. Tillman reasserted his copyright infringement claims against New Line, Time Warner, the WGA, and various others (Counts 1 and 2) and also asserted claims of denial of equal protection and due process (Counts 3 and 4), conspiracy to violate his civil rights (Counts 5 and 6), intentional infliction of emotional distress (Count 7), fraudulent misrepresentation (Count 8), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count 9).

On July 5, 2005, several defendants moved to dismiss the first amended complaint submitted motions to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and, as to the non-copyright claims, pursuant to Rule 12(b)(6) for failure to state a claim. Three days after the motions to dismiss were filed, Mr. Tillman moved for leave to file a second amended complaint.

On July 14, 2005, the parties appeared before Magistrate Judge Morton Denlow, to whom Judge Nordberg had referred the case for supervision of pretrial proceedings. The defendants argued that the second amended complaint would be frivolous and that if the court allowed Mr. Tillman to file it, defendants would be forced to incur significant additional expense to rebrief their motions to dismiss. Judge Denlow told Mr. Tillman that he could provide a proposed second amended complaint with his response to the motions to dismiss if he believed it

would cure the defects argued by the defendants, but he also directed Mr. Tillman to respond to the motions to dismiss.

On August 5, 2005, Mr. Tillman filed a forty-three page proposed second amended complaint, which included seven claims: claims for copyright infringement against New Line and certain of its officers (Count 1), Time Warner and certain of its officers (Count 2), the WGA and certain of its agents (Count 3), and Kearns (Count 4); a copyright infringement claim against a variety of other defendants (Count 5); a state law unfair competition claim against several of the defendants (Count 6); and a claim against several defendants under the ICFA (Count 7). The proposed second amended complaint omitted the other state law claims that had been contained in Mr. Tillman's first amended complaint. Aside from filing his proposed second amended complaint, Mr. Tillman did not respond to defendants' motions to dismiss.

On March 31, 2006, Judge Nordberg granted defendants' motions to dismiss the first amended complaint. *See* Order of Mar. 31, 2006 (docket entry 85). In his order, Judge Nordberg recited the procedural history of the case, including Mr. Tillman's failure to file a response to defendants' motion to dismiss other than his proposed second amended complaint. Judge Nordberg ruled that by failing to address defendants' arguments in support of dismissal, Mr. Tillman had effectively conceded the defendants' motions to dismiss. For that reason, Judge Nordberg granted the motions to dismiss, dismissing all claims against the individual defendants and the WGA for lack of personal jurisdiction, and dismissing with prejudice Counts 3 through 9 of the first amended complaint. In Judge Nordberg also denied Tillman's implicit request for leave to file a second amended complaint on the ground that amendment would be futile. In doing so, he noted that the two new state law claims contained in the proposed second amended complaint (Counts 6 and 7) were "clearly not actionable." *Id.* Mr. Tillman moved for

reconsideration of the denial of leave to file his second amended complaint, but Judge Nordberg denied the motion on January 8, 2007.

On March 22, 2007, Mr. Tillman filed a renewed request for leave to file a second amended complaint, attaching a thirty-five page proposed complaint. The newly proposed second amended complaint contains claims of copyright infringement against New Line and various officers (Count 1), Time Warner and various officers (Count 2), the WGA and various agents (Count 3), and Kearns (Count 4). Mr. Tillman also includes another copyright infringement claim against Kearns along with two other individuals, Mark Burg and Oren Koules of Evolution Entertainment, who allegedly participated in the claimed theft of Mr. Tillman's copyright (Count 5). Neither this specific claim, nor defendants Burg and Koules, were included in Mr. Tillman's first amended complaint, though a version of the claim was contained in Mr. Tillman's initial proposed second amended complaint that Judge Nordberg denied leave to file (Count 5 of the initial proposed second amended complaint). The current proposed second amended complaint also contains state law unfair competition and ICFA claims (Counts 6 and 7); these claims likewise were contained in the original proposed second amended complaint as Counts 6 and 7 of that proposed complaint.

The case was reassigned to this Court's docket on May 25, 2007. As of May 3, 2007, Mr. Tillman is again proceeding *pro se*. Defendants thereafter moved for summary judgment on the remainder of Mr. Tillman's first amended complaint. After reviewing the docket, however, the Court ascertained that no ruling had been made on Mr. Tillman's motion to file the revised second amended complaint and determined that that motion had to be addressed before consideration of defendants' summary judgment motion.

**Discussion**

4

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint is to be "freely given when justice so requires." Leave to amend may be denied, however, if there is undue delay, bad faith, a dilatory motive, a repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opponent, or if the amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

Defendants contend, among other things, that the Court should deny Mr. Tillman leave to file the proposed second amended complaint on the ground of futility. "An amendment is futile when it merely restates the same facts using different language or reasserts a claim previously determined." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). A court also may deem an amendment futile if it fails to state a valid theory of liability or if it cannot withstand a motion to dismiss. *Id.*

Counts 6 and 7 of the current version of Mr. Tillman's proposed second amended complaint are claims that Mr. Tillman attempted to introduce in the earlier version of his proposed second amended complaint, submitted in response to defendants' motions to dismiss the first amended complaint. Judge Nordberg denied leave to file these claims on the ground that they would be futile. Specifically, Judge Nordberg stated that:

> These claims are each set forth in two boilerplate paragraphs with no attempt to justify them. Moreover, as defendants persuasively argue in their reply briefs, these claims are clearly not actionable because, among other reasons, they are preempted by the Copyright Act [and] because they are identical to plaintiff's copyright claims. Given these strong arguments, given the lack of any justification for these two claims in the proposed [complaint], and given plaintiff's prior failures to file any response or to follow the Court's instructions, we find that plaintiff's implicit request for leave to file this new complaint should be denied as futile.

Order of Mar. 31, 2006 at 2. Mr. Tillman has not made any changes of substance to these claims

5

in the new proposed version of his second amended complaint. The Court sees no basis to revisit Judge Nordberg's ruling; leave to file these claims is denied. *See Bower*, 978 F.2d at 1008; *see also, AM Int'l, Inc. v. Graphic Mgmt. Assoc., Inc.*, 44 F.3d 572, 578 (7th Cir. 1995) (court may deny motion to amend if the amendment would not cure the problem that caused dismissal).

The defendants also contend that leave to file the proposed second amended complaint should be denied because it attempts to reintroduce into the case the individual defendants and the WGA, who were dismissed for lack of personal jurisdiction. The Court agrees. As noted earlier, Judge Nordberg dismissed the claims against those defendants after Mr. Tillman failed to provide any response to their detailed motion seeking dismissal on these grounds. *See* Order of Mar. 31, 2006 at 2. Again, the Court sees no basis to revisit Judge Nordberg's ruling in this regard. *See Bower*, 978 F.2d at 1008 (denying leave to amend because amendment merely restated claims previously determined); *see also, Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir. 1991) (court may deny leave to amend for failure to cure deficiencies in originally dismissed complaint).

Finally, to the extent Mr. Tillman's newly-asserted copyright infringement claims survive were not already dismissed or otherwise determined in Judge Nordberg's March 31, 2006 order, they essentially do nothing more than reiterate the copyright infringement claims already presented in Mr. Tillman's first amended complaint. Because those claims are already in the case, no amendment is required. *See Bower*, 978 F.2d at 1008. The Court will address those claims in due course.

Because the Court has determined that leave to amend should be denied on the ground of futility, the Court need not address the other arguments made by defendants in opposing leave to amend.

**Conclusion**

For the reasons stated above, the Court denies plaintiff's motion for leave to file a second amended complaint [docket no. 134]. The Court will proceed to set a briefing schedule on the remaining defendants' motion for summary judgment with regard to the remaining claims in plaintiff's first amended complaint.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 9, 2007